IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DEVAN TRULL, D.O.,

           Plaintiff,

v.                                    CIVIL ACTION NO. 3:24-0202

WEST VIRGINIA MUTUAL INSURANCE COMPANY and
MAG MUTUAL INSURANCE COMPANY,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant West Virginia Mutual Insurance Company's (WVMIC) Partial Motion to Dismiss Amended Complaint, ECF No. 52, and Defendant MAG Mutual Insurance Company's (MagMutual) Motion to Dismiss Amended Complaint, ECF No. 54. For the reasons provided below, the Court **GRANTS** WVMIC's motion, ECF No. 52, and **GRANTS in part** and **DENIES in part** MagMutual's motion, ECF No. 54.

**I.    Background**

Plaintiff Devan Trull, D.O., brings several claims against WVMIC and MagMutual, all of which spring from the handling of a medical professional liability lawsuit (the underlying litigation). The underlying litigation began when a former patient sued Dr. Trull, who was covered by an insurance policy issued by WVMIC. The policy had liability limits of $1 million per claim and $3 million annual aggregate. It required WVMIC to provide Dr. Trull with a legal defense and pay up to the liability limit of any relevant judgment entered against Dr. Trull. Specifically, the policy provided:

> [WVMIC] will pay those sums that the insured becomes legally obligated to pay as damages because of a claim that is a result of a medical incident . . . . [WVMIC] has the right and duty to defend any claim or suit seeking those damages; however, [WVMIC] has no duty to defend any claim, or suit which seeks damages to which this insurance does not apply. [WVMIC] has the right to investigate any medical incident and settle any claim for damages which may arise from a medical incident. However, the maximum amount [WVMIC] will pay to settle any claim or suit, or verdict, or judgment, is limited to [the policy limits].

*Medical Professional Liability Policy*, ECF No. 52-1 at 17 (emphasis removed).[1]

In accordance with the policy, WVMIC hired legal counsel to represent Dr. Trull throughout the underlying litigation. During the underlying litigation, MagMutual acquired WVMIC and took over the litigation process. MagMutual took a "no pay position" and refused to settle the case despite receiving an offer to settle within policy limits. The jury in the underlying litigation returned a verdict against Dr. Trull in the amount of $1,922,395.67. A settlement between the claimant in the underlying litigation and a different physician led this Court to reduce the jury's verdict by $500,000. MagMutual, through WVMIC, issued a $1,000,000 check to the claimant, leaving over $400,000 of the judgment outstanding.

The remaining portion of the judgment is the central concern in the present case. Dr. Trull contends that Defendants must pay the remaining portion of the judgment. Meanwhile, Defendants maintain that they have performed all that was required of them. Defendants have filed separate motions to dismiss. The Court considers these motions below.

## II. Legal Standard

Per Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] Though Dr. Trull did not include the policy in her Amended Complaint, the Court may consider the policy because it is integral to the Amended Complaint and neither party has challenged its authenticity. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To demonstrate facial plausibility, a plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows defendants to motion to dismiss claims for failure to state a claim. When considering a Rule 12(b)(6) motion, courts "must accept as true all of the factual allegations contained in the complaint[,]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw all reasonable inferences in favor of the plaintiff[,]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted).

### III.　Discussion

Defendants assert Dr. Trull has failed to state a claim. They have filed separate motions seeking to dismiss different portions of Dr. Trull's Amended Complaint. The Court first addresses WVMIC's motion before turning to MagMutual's motion.

A. <u>WVMIC's Partial Motion to Dismiss</u>

WVMIC moves the Court to dismiss the claims against it for breach of contract and breach of the implied duty of good faith and fair dealing. WVMIC does not seek to dismiss Dr. Trull's *Shamblin* claim. In Response, Dr. Trull argues she has sufficiently pled both claims and notes that WVMIC has not moved to dismiss her statutory bad faith claim. In Reply, WVMIC argues Dr. Trull has failed to plead a statutory bad faith claim.

  1. *Breach of Contract*

In a breach of contract claim under West Virginia law, a plaintiff must plead the following: "the existence of a valid, enforceable contract; that the plaintiff has performed under the contract; that the defendant has breached or violated its duties or obligations under the contract; and that the plaintiff has been injured as a result." *Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, 681 F. Supp. 2d 694, 714 (S.D.W. Va. 2009).

WVMIC contends Dr. Trull has failed to adequately plead that WVMIC breached or violated its duties. WVMIC argues that it has complied with the contract by providing Dr. Trull with a legal defense and issuing the requisite $1,000,000 payment.

Dr. Trull argues that WVMIC failed to perform its duty to defend. Searching for evidence of WVMIC abdicating its duty to defend, Dr. Trull points the Court generally to paragraphs six through forty-nine of her fifty-nine paragraph Amended Complaint. The only specific allegation Dr. Trull makes is that MagMutual, not WVMIC, handled Dr. Trull's legal defense.

The allegations made by Dr. Trull in her Amended Complaint belie the arguments in her Response. In the Amended Complaint, Dr. Trull claims WVMIC "hired counsel to defend Plaintiff's interests in the claim in accordance with the terms of the medical professional liability policy." *Am. Compl.* ¶ 9. Later in the Amended Complaint, Dr. Trull also notes how her personal counsel made a demand of MagMutual to "settle the claim within [Dr. Trull's] policy limits to protect her interests." *Id.* at ¶ 23. That WVMIC provided Dr. Trull with legal counsel with the independence to make demands of MagMutual further suggests WVMIC met its duty to defend.

Dr. Trull's contention that MagMutual, not WVMIC, handled the defense seems to be irrelevant and is undermined by allegations in the Amended Complaint. Dr. Trull details her frustrations with MagMutual's handling of the litigation. However, she fails to articulate how her

dissatisfaction with MagMutal's handling of the defense prevented her from receiving a legal defense. As noted above, the facts Dr. Trull alleges in her Amended Complaint indicate that she did receive a legal defense funded by WVMIC. She may be disappointed with the handling and outcome of the litigation, but those concerns shape her *Shamblin* claim. Further, Dr. Trull's argument that WVMIC relinquished the defense to MagMutual is undermined by Dr. Trull's repeated assertions that WVMIC and MagMutual are one and the same. *Am. Compl.* ¶¶ 41, 45.

The facts alleged in Dr. Trull's Amended Complaint suggest that she did receive a defense in the underlying litigation, that the defense was provided to her at WVMIC's expense, and that WVMIC paid up to the policy limit. Dr. Trull fails to direct the Court to any other plausible breaches of contract. Therefore, Dr. Trull's Amended Complaint fails to allege WVMIC breached the contract, and the Court **DISMISSES** the breach of contract claim.

    *2. Implied Covenant of Good Faith and Fair Dealing*

While West Virginia law recognizes a covenant of good faith and fair dealing in every contract, "this covenant does not provide a cause of action apart from a breach of contract claim." *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 578 (2013) (internal quotation marks and citation omitted). Both parties agree that a dismissal of the breach of contract claim necessitates a dismissal of the breach of the implied duty of good faith and fair dealing claim. As the Court has dismissed the breach of contract claim, the Court also **DISMISSES** the breach of the implied duty of good faith and fair dealing claim.

    *3. Statutory Bad Faith*

In Dr. Trull's Response she mentions that WVMIC did not move to dismiss her statutory bad faith claim. WVMIC argues that Dr. Trull is raising an unpled claim and asks the Court to dismiss the ostensible claim. This issue went unaddressed in the motion to dismiss and the

accompanying memorandum of law and has not been fully briefed. Accordingly, the Court will not decide this issue at this stage of litigation.

### B. MagMutual's Motion to Dismiss

MagMutual moves this Court to dismiss the breach of contract claim, the breach of the implied covenant of good faith and fair dealing claim, and the *Shamblin* claim. In Reply, MagMutual also asks the Court to dismiss a potential statutory bad faith claim. For the same reasons described above, the Court **DISMISSES** the breach of contract and breach of the implied covenant of good faith and fair dealing claims and refrains from deciding the ostensible statutory bad faith claim. Thus, all that remains before the Court on this motion is whether the *Shamblin* claim against MagMutual may proceed.

MagMutual contends that it was not a party to the contract in question and that it is not an *alter ego* of WVMIC. Therefore, MagMutual continues, the Court should dismiss the *Shamblin* claim against MagMutual. Dr. Trull and MagMutual appear to agree that if piercing the corporate veil is appropriate, then the *Shamblin* claim against MagMutual may proceed. Unsurprisingly, they do not agree on whether the corporate veil should be pierced. The Court focuses on this issue below.

Piercing the corporate veil is a method for imposing liability for an underlying cause of action on a party not otherwise liable. *Scheeser, Buckley, Mayfield, Inc. v. HDMR Grp., Inc.*, No. 3:05–CV–0688, 2006 WL 8438817, at *1 (S.D.W. Va. Dec. 15, 2006) (citations omitted). The Supreme Court of Appeals of West Virginia (SCAWV) has instructed that piercing the corporate veil is an equitable remedy that may be appropriate in exceptional circumstances. *Laya v. Erin Homes, Inc.*, 352 S.E.2d 93, 97–98 (1986).

In *Laya*, the SCAWV set forth a two-prong test to determine when piercing the corporate veil is appropriate. *Id.* at 99. First, a plaintiff must demonstrate "such unity of interest and ownership that the separate personalities of the corporation and of the individual shareholder(s) no longer exist (a disregard of formalities requirement)." *Id.* The SCAWV provided a non-exhaustive list of nineteen factors to aid in this determination. *Id.* at 98–99. Second, the plaintiff must show that "an inequitable result would occur if the acts are treated as those of the corporation alone (a fairness requirement)[.]" *Id.* at 99.

Dr. Trull contends that she has adequately alleged at least seven of the factors. MagMutual disagrees and argues that at least six of the seven factors Dr. Trull has alleged are conclusory or otherwise inadequate. MagMutual points the Court to several cases that dismissed *alter ego* allegations due to sparse or conclusory pleadings. *See, e.g.*, *Cunningham Energy, LLC. v. Vesta O&G Holdings, LLC*, 578 F.Supp.3d 798, 818 (S.D.W. Va. 2022); *Mountain Link Assocs., Inc. v. Chesapeake Energy Corp.*, No. 2:13–CV–16860, 2014 WL 4851993, at *8–9 (S.D.W. Va. Sept. 29, 2014).

The Court emphasizes that this case is at the motion to dismiss stage. In *Wilson v. Liberty Ins. Underwriters, Inc.*, the Court reasoned:

> Plaintiffs' suggestion that the insurance companies shared employees and performed services for each other is enough to satisfy the first prong [of the *Laya* test] for the purposes of a motion to dismiss, although it would probably not be enough, alone, to survive summary judgment.

2008 WL 538883, at *7 (S.D.W. Va. 2008). Dr. Trull has alleged that MagMutual and WVMIC share a principal place of business, *Compl.* ¶¶ 2–3, that WVMIC has no employees of its own and relies exclusively on MagMutual employees, *id.* at ¶ 42–44, and that MagMutual controlled the litigation process, *id.* at ¶¶ 11, 14–16, 25, which was WVMIC's right and duty, *Medical Professional Liability Policy* at 17. The first two allegations map to *Laya* factors twelve and

-7-

thirteen. *Laya*, 352 S.E.2d at 98 ("(12) use of the same office or business location by the corporation and its individual shareholder(s); (13) employment of the same employees or attorney by the corporation and its shareholder(s)"). Further, MagMutual's ability to completely control the litigation process plausibly suggests "such unity of interest and ownership that the separate personalities" of the two corporations no longer exist. *Id.* at 99. As in *Wilson*, this Court holds Dr. Trull's pleadings are sufficient to meet the first prong of the *Laya* test.

The second prong of the *Laya* test can be met by a showing that "the corporate form is being used to perpetrate injustice, defeat public convenience, or justify wrongful or inequitable conduct." *See* Syl. Pt. 3, *Mills v. USA Mobile Commc'ns, Inc.*, 438 S.E.2d 1, 2 (1993); *Laya*, 352 S.E.2d at 99. MagMutual initially contends that Dr. Trull wholly ignored this portion of the test in her Amended Complaint. In Response, Dr. Trull counters that failing to hold MagMutual accountable for operating in bad faith throughout the underlying litigation would be unjust. MagMutual seems to abandon this line of argumentation in its Reply. Accordingly, at this stage, the Court holds Dr. Trull has plead sufficient facts on this issue to survive both the second prong of the *Laya* test and the motion to dismiss.

### IV. Conclusion

Based on the above analysis, the Court **GRANTS** WVMIC's Partial Motion to Dismiss Amended Complaint, ECF No. 52, and **GRANTS in part** and **DENIES in part** MagMutual's Motion to Dismiss Amended Complaint, ECF No. 54. The breach of contract claim, and the related breach of the implied covenant of good faith and fair dealing claim, against WVMIC and MagMutual are **DISMISSED**. The *Shamblin* claim against both parties remains, and the Court takes no position on whether Dr. Trull pled a statutory bad faith claim.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:    May 15, 2025

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE