# IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

DEVAN TRULL, D.O.,

          Plaintiff,

v.                                                              CIVIL ACTION NO. 3:24-0202

WEST VIRGINIA MUTUAL INSURANCE COMPANY and
MAG MUTUAL INSURANCE COMPANY,

          Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Leave to Supplement Record and for Supplemental Briefing. ECF No. 85. Defendants filed this motion after their motion for summary judgment became ripe. Defendants have attached the Cabell Huntington Hospital Self Coverage Plan for Professional Liability, Comprehensive General Liability, and Employers' Liability. ECF No. 85-1. This document is helpful in understanding the issue before the Court and is referenced repeatedly in a letter issued by Cabell Huntington Hospital, which was attached by Dr. Trull in her response to the motion for summary judgment. Accordingly, the Court **GRANTS** Defendants' motion insofar as it pertains to supplementing the record with this document. However, the Court finds that supplemental briefing is unnecessary to decide the motion for summary judgment. Therefore, the Court **DENIES** the portion of the motion requesting to supplement prior briefing.

Also pending before the Court are several motions to seal. The first is Defendants' Motion for Leave to File Documents Supporting Defendants' Motion for Summary Judgment Under Seal.

ECF No. 59.[1] Also pending are Defendants' Motion for Leave to File Under Seal Documents in Support of Defendants' Motion to Join Cabell Huntington Hospital, Inc., ECF No. 91, and Motion for Leave to File Under Seal Their Memorandum of Law in Support of Defendants' Motion to Join Cabell Huntington Hospital, Inc., ECF No. 92.[2] For the reasons described below, these motions are **DENIED**.

The Fourth Circuit has instructed that "[t]he right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citation omitted). Public access to documents is paramount because "[p]ublicity of such records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus–America Discovery Group v. Atlantic Mut. Ins. Co.,* 203 F.3d 291, 303 (4th Cir. 2000).

Under the common law, the public has a right "to inspect and copy all judicial records and documents." *Virginia Dep't of State Police*, 386 F.3d at 575 (citation and internal quotations marks omitted). This presumption can be overcome if countervailing interests outweigh the public interest in accessing the documents. *Id.* The moving party bears the burden of rebutting this presumption. *Id.* Ultimately, whether to seal documents under the common law is a decision "left to the sound discretion of the district court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* (cleaned up).

---

[1] Defendants filed this motion in conjunction with their Motion for Summary Judgment. ECF No. 57.

[2] Defendants filed these motions in conjunction with their Motion to Join Cabell Huntington Hospital, Inc. ECF No. 90.

The First Amendment fiercely protects public access to a narrower range of documents. When the First Amendment applies, a court may seal documents "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* The party seeking to restrict access when the First Amendment applies must present specific reasons in support of its position. *Id.* Conclusory assertions are insufficient. *Id.*

The Fourth Circuit has provided a framework for how district courts are to approach this analysis. First, the district court "must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." Whether the common law or the First Amendment applies depends on where the case is in the litigation process. The Fourth Circuit has explained that the First Amendment "does not prohibit a district court from limiting the disclosure of products of pretrial discovery." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 172 (4th Cir. 2024). However, the First Amendment does apply to documents attached to dispositive motions. *See id.* The First Amendment applies to documents attached to summary judgment motions. *Id.*

In addition to determining whether the common law or the First Amendment applies, a district court must:

> give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

*Id.* at 576. For purposes of public notice, "[n]otifying the persons present in the courtroom of the request to seal or docketing it reasonably in advance of deciding the issue is appropriate." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The Court will apply this framework in analyzing Defendants' motions to seal.

Defendants seek to file three documents under seal in connection with their motion for summary judgment. Defendants have labeled these three documents as "Notice of Claim and Certificate of Merit to Cabell Huntington Hospital" (Exhibit 1), "Notice of Claim and Certificate of Merit to West Virginia Mutual Insurance Company" (Exhibit 2), and "Umbrella Policy No. HUL-09100292_Redacted" (Exhibit 4). Defendants represent that they have made this motion pursuant to the agreed upon Protective Order. Defendants make the cursory contentions that these documents relate to Defendants' handling of claims against insureds and that dissemination of this information could harm their business practices. Defendants do not explain why alternatives to sealing, such as redaction, are insufficient.

Since Defendants have attached these documents to their motion for summary judgment, the heightened standard under the First Amendment applies. *United States ex rel. Oberg*, 105 F.4th at 172 Defendants cite to Exhibits 1 and 2 to demonstrate that both Cabell Huntington Hospital and Defendant West Virginia Mutual Insurance Company received notice about a claimant's lawsuit. Defendants also cite to Exhibit 1 to show the claimant alleged that she received inadequate medical care. Exhibit 4 contains an insurance policy that Defendants heavily rely on throughout their summary judgment motion. The Court will need to reference Exhibit 4 extensively in making its decision. Defendants have not provided any specific arguments explaining how the public dissemination of these documents would harm its business practices. Defendants' conclusory assertions are insufficient to overcome the protections of the First Amendment. Accordingly, the Court **DENIES** Defendants' Motion for Leave to File Documents Supporting Defendants' Motion for Summary Judgment Under Seal. ECF No. 59.

Defendants moved to seal the same documents alongside their motion for joinder. Since these documents must now be disseminated in conjunction with Defendants' summary judgment

motion, the Court also **DENIES** Defendants' Motion for Leave to File Under Seal Documents in Support of Defendants' Motion to Join Cabell Huntington Hospital, Inc. ECF No. 91.

In Defendants' final motion to seal, they seek to seal the memorandum of law that accompanies their motion for joinder. A motion for joinder is not a dispositive motion and, therefore, the public's access to these documents is likely protected by the common law rather than the First Amendment. Defendants argue that their memorandum should be sealed because the memorandum references documents identified as confidential under the Protective Order. Defendants do not explain precisely which documents are confidential, but Defendants are presumably alluding to the documents discussed above. Since these documents must now be made public, the Court sees no reason why the memorandum referencing them should not also be made public. Accordingly, the Court **DENIES** Defendants' Motion for Leave to File Under Seal Their Memorandum of Law in Support of Defendants' Motion to Join Cabell Huntington Hospital, Inc. ECF No. 92.

In conclusion, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion for Leave to Supplement Record and for Supplemental Briefing. ECF No. 85. The Court will allow the filing of the supplemental document but rejects the request for additional briefing. Further, the Court **DENIES** Defendants' Motion for Leave to File Documents Supporting Defendants' Motion for Summary Judgment Under Seal, ECF No. 59, Motion for Leave to File Under Seal Documents in Support of Defendants' Motion to Join Cabell Huntington Hospital, Inc., ECF No. 91, and Motion for Leave to File Under Seal Their Memorandum of Law in Support of Defendants' Motion to Join Cabell Huntington Hospital, Inc., ECF No. 92.

-6-

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:  June 16, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE