IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DEVAN TRULL, D.O.,

          Plaintiff,

v.                                      CIVIL ACTION NO. 3:24-0202

WEST VIRGINIA MUTUAL INSURANCE COMPANY and
MAG MUTUAL INSURANCE COMPANY,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is a Motion by Defendants West Virginia Mutual Insurance Company and MAG Mutual Insurance Company to Amend June 16, 2025 Memorandum Opinion and Order. ECF No. 145. The Court **DENIES as premature** this motion.

      Defendants request that this Court amend the June 16, 2025 Memorandum Opinion and Order to be without prejudice. Notably, Defendants do not ask the Court to reverse or reconsider the decision. Instead, Defendants provide two rationales for why the Court should alter its decision to be without prejudice.

      Defendants' first rationale is that additional discovery will likely impact the Court's ruling. This claim may be accurate, but at this point the claim is speculative, so the Court will not proactively amend the decision on this basis.

      The second rationale is that one of the documents that Defendants provided to the Court, and on which the Court relied in making its decision, may be inapplicable to this case. If this claim is accurate, then Defendants provided not one, but two insurance documents that were wholly insufficient for the Court to make the summary judgment determination Defendants requested.

Even without this document, the Court would have denied the motion for summary judgment, as there was no evidence before the Court to grant the motion.

Federal Rule of Civil Procedure 54 allows this Court to revise the June 16, 2025 Memorandum Opinion and Order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The Court will not revise its decision at this time, as Defendants contentions are merely speculative. The Court will consider making the requested amendment if Defendants produce compelling evidence warranting such an amendment.

However, the Court forewarns Defendants that they are not entitled to make successive summary judgment motions. *See*, *e.g.*, *Essex Ins. Co. v. Foley*, 827 F. Supp. 2d 1326, 1329 n.2 (S.D. Ala. 2011) ("no federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment; rather, a successive Rule 56 motion may be filed only with the district court's authorization").

Defendants brought this motion on December 9, 2024. Discovery was open at the time of the filing and remains open. As evidenced by Defendants' efforts to supplement their motion and their current motion to amend, Defendants brought the summary judgment motion prematurely and with inadequate information. Defendants could have delayed their filing until they were ready to properly litigate the motion. Defendants' premature motion resulted in this Court, and likely Defendants' opposing counsel, expending significant resources. If Defendants seek to file another summary judgment motion on this issue, the Court expects Defendants to explain how their initial motion was a product of diligent litigation efforts.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: June 25, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE