**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**DEVAN TRULL, D.O.,**

     **Plaintiff,**

**v.**

**WEST VIRGINIA MUTUAL INSURANCE
COMPANY and MAG MUTUAL
INSURANCE COMPANY,**

     **Defendants.**

**Civil Action No. 3:24-cv-00202
Hon. Judge Robert C. Chambers**

**MAG MUTUAL INSURANCE COMPANY'S OBJECTION TO
MAGISTRATE JUDGE TINSLEY'S SEPTEMBER 5, 2025 ORDER**

Pursuant to Federal Rule of Civil Procedure 72(a), Defendant MAG Mutual Insurance Company ("MagMutual") objects to the September 5, 2025 Order entered by Magistrate Judge Dwane Tinsley. ECF No. 221. The September 5 Order is clearly erroneous and contrary to law because it requires MagMutual to provide discovery related to Plaintiff's *Shamblin* claim—when Plaintiff has asserted no additional *Shamblin* discovery is required—and to Plaintiff's improperly-asserted Unfair Trade Practices Act—which Plaintiff lacks standing to pursue. Because the Order requires MagMutual to participate in burdensome discovery Plaintiff said was unnecessary and related to a claim for which Plaintiff has no standing, MagMutual objects and requests the Order be set aside and MagMutual's Motion for Protective Order be granted.

**BACKGROUND**

Plaintiff filed an Amended Complaint on November 1, 2025, alleging that MagMutual (and recently dismissed West Virginia Mutual Insurance Company) engaged in bad faith while handling a medical malpractice claim filed against Plaintiff by former patient Carlie Hensley. *See* ECF No.

47. Plaintiff's Amended Complaint asserts a cause of action under *Shamblin v. Nationwide Mutual Ins. Co.*, 183 W. Va. 585, 396 S.E.2d 766 (1990). *See* ECF No. 47 at ¶ 50. But the Amended Complaint makes no mention of the UTPA; in fact, it does not even use the words "statute" or "statutory." (*See* ECF No. 47.) Despite this deficiency, Plaintiff has repeatedly taken the position that her Amended Complaint asserts a cause of action for statutory bad faith under the UTPA. *See, e.g.*, Pl.'s Mot. Summ. Judg., ECF No. 104, at 1; Pl.'s Opp. to Mot. Prot. Order, ECF No. 187 at 3–4. MagMutual moved to dismiss the Amended Complaint; although causes of action for breach of contract and breach of the implied duty of good faith and fair dealing were dismissed, Plaintiff's claim under *Shamblin* was allowed to proceed, and the Court made no ruling on the UTPA claim. *See* ECF No. 123. In accordance with the Court's Scheduling Order, MagMutual has since filed a Motion for Summary Judgment on the UTPA claim, to the extent one has been sufficiently pled. *See* ECF Nos. 223, 224.

On April 7, 2025, Plaintiff filed a Partial Motion for Summary Judgment focusing on her *Shamblin* claim. In her motion, Plaintiff stated "that *no further discovery* of Plaintiff's *Shamblin* claim is necessary." ECF No. 104 at 1 (emphasis added). In a footnote, she reiterated that "*[n]o further discovery is necessary* for Plaintiff to prevail on her *Shamblin* claim." *Id.* at 1 n.1 (emphasis added). "Any and all further discovery efforts," Plaintiff asserted, "are related to proving Plaintiff's claims against these Defendants related to breach of contract, liability for failing to act in accordance with the standards set forth in the West Virginia Uniform (sic) Trade Practices Act, and punitive damages." *Id.* Plaintiff reiterated this position in her opposition to MagMutual's Motion for Protective Order. *See* ECF No. 187 at 4.

Plaintiff filed her Notice of Rule 30(b)(6) Video Deposition of Representative of MAG Mutual Insurance Company on May 30, 2025, several weeks after her April 7, 2025 Partial Motion

2

for Summary Judgment wherein Plaintiff made the admissions regarding discovery stated above.

*See* ECF No. 130. Included in the notice were the following topics:

> 3.    All facts, witnesses, and documents regarding any reviews, audits, or examinations conducted by Mag Mutual Insurance Company concerning its compliance with West Virginia state laws applicable to the handling of insurance claims, including, but not limited to, West Virginia Insurance Regulations, West Virginia state statutes related to claims handling, such as the Uniform Trade Practices Act, and/or any other applicable West Virginia state law, policy, and procedure since November 1, 2020.
>
> 4.    All facts, witnesses, and documents regarding any and all extra contractual bad faith suits against Mag Mutual Insurance Company for a period of the last ten (10) years;
>
> 5.    All facts, witnesses, and documents regarding any and all findings by any judicial, administrative, executive tribunal that Mag Mutual Insurance Company and/or its agents violated any insurance policy improperly denying benefits for a period of the last ten (10) years;
>
> 6.    All facts, witnesses, and documents regarding any finding by a judicial tribunal that Mag Mutual Insurance Company (1) violated the Uniform Trade Practices Act in West Virginia, or any similar state statute in another jurisdiction; (2) violated the implied covenant of good faith and fair dealing; (3) was found to have acted in bad faith; and/or (4) was otherwise found liable for extra contractual damages for a period of the last ten (10) years;
>
> 7.    All facts, witnesses, and documents regarding any finding by an administrative body that Mag Mutual Insurance Company (1) violated the Uniform Trade Practices Act in West Virginia, or any similar state statute in another jurisdiction; (2) violated the implied covenant of good faith and fair dealing; (3) was found to have acted in bad faith; and/or (4) was otherwise found liable for extra contractual damages for a period of the last ten (10) years;
>
> . . .
>
> 12.    All facts, witnesses and documents regarding jury verdicts in excess of the liability limits of Mag Mutual Insurance Company insureds for a period of the last ten (10) years[.]

*See* ECF No. 130.

MagMutual moved for a protective order on July 22, 2025, seeking to limit or prohibit a deposition on these topics. *See* ECF No. 172. The basis for MagMutual's Motion was that the

3

topics are not limited to claims similar to those Plaintiff asserts, certain topics (Nos. 3 and 12) invade the attorney-client or work product privilege, and various topics (Nos. 4–7 and 12) lack reasonable geographic and temporal scopes. *See* ECF No. 172.

On September 5, 2025, Magistrate Judge Tinsley entered an order granting in part and denying in part MagMutual's Motion for Protective Order. *See* ECF No. 221. In the Order, Magistrate Judge Tinsley denied MagMutual's Motion for Protective Order with regard to Topics 3, 4, 5, and 12, and granted in part and denied in part MagMutual's Motion with regard to Topics 6 and 7. *See id.* The September 5 Order notes that "[b]ad faith claims under *Shamblin* are not limited to cases involving underlying medical malpractice claims." *Id.* at 8. It also notes that the "topic bears directly on MagMutual's history of UTPA violations and bad faith insurance defenses—issues central in this litigation." *Id.* at 12.

MagMutual objects to the September 5 Order and requests it be set aside. The September 5 Order is clearly erroneous in that Magistrate Judge Tinsley relies on Plaintiff's *Shamblin* claim as a basis for denying a protective order, despite Plaintiff's prior representations to the Court that no further *Shamblin*-related discovery is necessary. And the September 5 Order does not address MagMutual's objection that the UTPA claim is improperly pled and Plaintiff lacks standing to assert it. Although MagMutual agreed to produce a witness on certain topics with reasonable limitations as had previously been endorsed under West Virginia law, it would be unduly burdensome to require MagMutual to prepare and produce a witness related to Plaintiff's *Shamblin* claim or the faulty UTPA claim at this juncture in the litigation. Therefore, the Court should modify the September 5 Order to limit or strike the topics as MagMutual requested.

4

## STANDARD OF LAW

A magistrate judge's order can only be modified or set aside if the order "is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'" *Blankenship v. Fox News Network, LLC*, No. 2:19-CV-00236, 2021 WL 3706683, at \*4 (S.D. W. Va. Aug. 20, 2021). "A district court should reverse a magistrate judge's decision in a discovery dispute as 'clearly erroneous' only if the district court is left with a definite and firm conviction that a mistake has been made." *Marks v. Glob. Mortg. Grp., Inc.*, 218 F.R.D. 492, 495 (S.D. W. Va. 2003). "Review of questions of law 'is plenary under the contrary to law branch of the 72(a) standard.'" *Spurlock v. Wexford Health Sources, Inc.*, No. CV 3:23-0476, 2025 WL 451688, at \*1 (S.D. W. Va. Feb. 10, 2025) (quoting *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010)).

## ARGUMENT

Magistrate Judge Tinsley's September 5 Order should be set aside or, at a minimum, modified. First, to the extent the September 5 Order directs MagMutual to participate in discovery related to Plaintiff's *Shamblin* claim, the order is clearly erroneous. Second, to the extent the Order directs MagMutual to participate in discovery related to any UTPA claim, or to the extent the discovery relates to Plaintiff's punitive damages claim, the Order is contrary to the law because Plaintiff lacks standing to pursue claims under the UTPA and because punitive damages are barred. Third, the scope of discovery identified by Magistrate Judge Tinsley disregards prior limitations this Court has affirmed on deposition topics similar to Topics 4–7 and 12, including reasonable temporal and geographic limitations.

I.      **The September 5 Order is contrary to law because it orders discovery related to Topics 4, 5, 6, 7 and 12 that Plaintiff previously said was unnecessary.**

Parties can only obtain discovery that "is relevant to any party's claim or defense and proportional to the needs of the case, considering," among other factors, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "[A]ll permissible discovery must be measured against the yardstick of proportionality." *Blankenship v. Fox News Network, LLC*, No. 2:19-CV-00236, 2020 WL 9718873, at *13 (S.D. W. Va. Sept. 21, 2020). To the extent the September 5 Order relies on the relevance of the deposition topics to Plaintiff's *Shamblin* claim, the Order is clearly erroneous because it requires burdensome discovery, which even Plaintiff admits she does not need for this claim and which is disproportionate to the needs of the case.

When Plaintiff filed her Partial Motion for Summary Judgment, she clearly and unequivocally stated that no further discovery was needed for her *Shamblin* claim, and that all further discovery in the case would relate to her breach of contract and UTPA claims. *See* ECF No. 104 at 1 n.1. Plaintiff reiterated this position while opposing MagMutual's Motion for Protective Order, stating that "no further discovery was necessary for the Court to grant summary judgment as to Plaintiff's *Shamblin* claim," and that "any additional discovery conducted would be to gather evidence in support of Plaintiff's UTPA claim and punitive damages." ECF No. 187 at 4. Plaintiff's admissions make sense, as liability under *Shamblin* focuses on the insurance carrier's handling of a specific claim, rather than an insurance carrier's general practices, and Plaintiff has undertaken extensive discovery on the handling of Ms. Hensley's claim. Therefore, it cannot reasonably be disputed that the requested discovery is unrelated to her *Shamblin* claim. Yet, the September 5 Order, in denying MagMutual's request to narrow the deposition topics to similar claims, states that "[b]ad faith claims under *Shamblin* are not limited to cases involving underlying medical

6

malpractice claims." ECF No. 221 at 8. After making this determination, the September 5 Order refuses to narrow the topics and requires MagMutual to provide information spanning a decade related to claims dissimilar to Plaintiff's without any geographic limitation. To the extent the September 5 Order refuses to limit the deposition topics based on the determination that the discovery sought is relevant to Plaintiff's *Shamblin* claim, the Order is clearly erroneous. As Plaintiff conceded, no additional *Shamblin* discovery is required, and any portions of the Order relying on the *Shamblin* claim as a basis for the discovery should be overruled. ECF No. 104 at 1 n.1; ECF No. 187 at 4.

Topics 4, 5, 6, and 7 have, by agreement, been limited to bad faith claims involving excess verdicts. *See* ECF No. 221 at 7 (limiting Topic 4 to "bad faith lawsuits involving excess verdicts"); *id.* at 8 (limiting Topic 5 in the same way); *id.* at 11 (limiting Topic 6 to include findings MagMutual "was found to have acted in bad faith related to excess verdicts"); *id.* at 12 (limiting Topic 7 the way Topic 4 was limited). Similar to these topics, Magistrate Judge Tinsley's decision not to limit Topic 12 was based, in part, on Plaintiff's assertion—incongruous with her prior representations to the Court—that Topic 12 "is properly tailored to the requisite subject matter of Plaintiff's . . . *Shamblin* claim[.]" ECF No. 221 at 14. However, because discovery related to Plaintiff's *Shamblin* claim is unnecessary by Plaintiff's own admission, MagMutual should not be required to produce a witness to testify to information spanning the entire United States over the last decade.[1]

---

[1] To the extent the Court disregards Plaintiff's multiple, prior admissions that no further discovery on *Shamblin* is necessary, any discovery purportedly based on the *Shamblin* claim should be modified to include reasonable temporal or geographic limitations, as discussed in Section III below.

**II.     The September 5 Order is contrary to the law because Topics 3, 4, 6, 7, and 12 require MagMutual to engage in discovery related to claims which lack legal merit.**

As an initial point, any UTPA claim in the Amended Complaint is improperly pled. There are no references in the Complaint to any provision of the UTPA and no mention of any statute or statutory bad faith. *See* ECF No. 47. MagMutual should not be required to prepare and produce a witness to provide discovery on a claim Plaintiff failed to properly assert. *See Crawford v. Daniels*, No. 2:23-CV-00585, 2024 WL 1895105, at *9 (S.D. W. Va. Apr. 30, 2024) ("Litigants can only proceed to discovery once they have satisfied Rule 8 and stated a claim for relief."). Because Plaintiff did not properly assert her UTPA claim, she should not be permitted to conduct discovery related to that claim.

Even if the Court disagrees and finds a UTPA claim was properly asserted, Plaintiff should still be barred from taking the requested discovery because she lacks standing to bring a claim under the UTPA, and MagMutual has sought summary judgment on this issue. In *State ex rel. State Auto Prop. Ins. Cos. v. Stucky*, 239 W. Va. 729, 806 S.E.2d 160 (2017), the Supreme Court of Appeals of West Virginia analyzed the application of the UTPA in the context of liability insurance policies. The Court determined that, "[i]n the context of a liability policy, such as the commercial general liability policy herein, subsections (9)(b) and (9)(f) are designed to protect plaintiffs who seek liability-related damages from an insured, and are not designed to protect the insured." *State ex rel. State Auto Prop. Ins. Companies v. Stucky*, 239 W. Va. 729, 735, 806 S.E.2d 160, 166 (2017). This is because "[w]ith regard to a liability insurance policy, the term claim is used in its common (and common sense) usage: an effort by a third party to recover money from the insured." *Id.* (internal quotations and citations omitted). In other words, "[a] claim must relate to the assertion of legally cognizable damage, and must be a type of demand that can be defended, settled and paid by the insurer." *Id.* (internal quotation and citations omitted). Here, Plaintiff has no standing

8

because she "can make no demand that can be defended, settled or paid [by her own insurer]." *Id.* at 736, 806 S.E.2d at 167.

Although *Stucky* related only to subsections (9)(b) and (9)(f) of the UTPA, subsequent decisions clarified that an insured under a liability policy lacks standing to assert a UTPA cause of action based on any provision relying on the same "claim" language. *See State ex rel. W. Va. Mut. Ins. Co. v. Salango*, 246 W. Va. 9, 16, 866 S.E.2d 74, 81 (2021). Although *Salango* dealt specifically with subsections (9)(b), (c), (d), and (f), the West Virginia Supreme Court determined that "[t]he common thread through [those sections] is that they do not create duties for liability insurers toward their insured" and because "defendants insured under liability policies lack standing to pursue claims under (b) and (f) based on the definition of 'claims,' it is no stretch to conclude that insureds similarly lack standing to pursue claims against a liability insurer" under other provisions relying on the word "claim." *See id.* at 17, 866 S.E.2d at 82.

Here, Magistrate Judge Tinsley determined Topics 3, 4, 6, 7, and 12 all purport to provide information relevant to Plaintiff's UTPA claims. The September 5 Order refuses to strike Topic 3 which asks, in part, for a witness to testify to "reviews, audits, or examinations conducted by Mag Mutual Insurance Company concerning its compliance with West Virginia state laws applicable to the handling of insurance claims . . . such as the Uniform (sic) Trade Practices Act[.]" *See* ECF No. 221 at 5. And Magistrate Judge Tinsley declined to limit Topic 4 because "Plaintiff seeks to establish . . . liability under the UTPA[.]" *Id.* at 8. The September 5 Order does not reasonably limit Topics 6, 7, or 12 for similar reasons. *See id.* at 10–11 (permitting Topic 6 to seek information related to Plaintiff's UTPA claim); *id.* at 11–12 (same for Topic 7); *id.* at 13–15 (refusing to limit Topic 12 based on Plaintiff's assertion of relevance to UTPA claim). But Plaintiff lacks standing

9

to assert a UTPA claim; therefore, MagMutual should not be required to participate in extensive discovery related to that claim, and the Magistrate Judge's Order is erroneous.

Nor would any of the 30(b)(6) topics provide evidence Plaintiff could use to support a claim for punitive damages. Topics 3–7 and 12 all seek information about MagMutual's handling of *other* claims. *See* ECF No. 130; *see also* ECF No. 221 at 5–15. But a punitive damages award in an insurance bad faith case requires a showing "that the insurer actually knew that the claim was proper, but the insurer nonetheless acted willfully, maliciously, and intentionally in failing to settle the claim on behalf of its insured." Syl. Pt. 1, *Shamblin v. Nationwide Mut. Ins. Co.*, 183 W. Va. 585, 587, 396 S.E.2d 766, 768 (1990). The insurance bad faith punitive damages standard focuses entirely on the insurer's handling of the claim against the insured, without consideration for other claims made against other insureds in other jurisdictions. *See id.* at 331, 352 S.E.2d at 81 (requiring the policyholder provide "evidence of intentional injury" to present the issue of punitive damages to the jury). The handling of other claims has absolutely no bearing on whether MagMutual acted with actual malice here—which it did not. To the extent any of the deposition topics are intended to provide information related to punitive damages, the topics do no such thing. Therefore, MagMutual should not be required to produce a witness on Topics 3–7 or 12 based on any alleged relevance to punitive damages. *See* ECF No. 187 at 4.

## III.    The September 5 Order is contrary to law because it disregards prior limitations this Court has affirmed on deposition topics similar to Topics 4 through 7 and Topic 12.

Notwithstanding the fact that Plaintiff has not properly asserted any legally cognizable claim which would support the discovery requested, MagMutual proposed a modified scope of discovery for Topics 4–7 based on applicable West Virginia law. Many of the contested deposition topics are similar to 30(b)(6) deposition topics addressed in *Moses Enterprises, LLC v. Lexington Ins. Co. & AIG Claims, Inc.*, No. 3:19-CV-00477, 2021 WL 329210 (S.D. W. Va. Feb. 1, 2021). In

fact, the deposition topics at issue in *Moses Enterprises* are nearly identical to the ones at issue here. *See* Def.'s Reply in Supp. of Mot. for Prot. Order, ECF No. 189 at 5–6. In *Moses Enterprises*, the court ordered that the insurer not be required to produce a witness on topics nearly identical to Topics 4 through 7 here because "the topics are overly broad in scope" and "Plaintiff has offered no explanation for requiring any information beyond the documents that [the insurer] provided." *Moses Enters., LLC*, 2021 WL 329210, at *7. The insurer in *Moses Enterprises* had previously produced "information related to any complaints filed against [the insurer] in West Virginia related to bad faith or claims processing, handling, investigation, and/or payment within the last five years[.]" *Id.* This Court upheld Magistrate Eifert's decision to limit the deposition topics. *See Moses Enters., LLC v. Lexington Ins. Co.*, No. CV 3:19-0477, 2021 WL 5415334 (S.D. W. Va. Apr. 13, 2021).

But the September 5 Order disregards *Moses Enterprises* entirely. The Order only mentions *Moses Enterprises* to note that Plaintiff argued it is irrelevant because there was no UTPA claim in *Moses Enterprises*. But Plaintiff is wrong. A UTPA claim was asserted in *Moses Enterprises*. *See* ECF No. 189-1. The case is directly analogous to this one, and the same reasonable limitations should be placed on the scope of the deposition topics here. Nonetheless, the Order requires MagMutual to identify, prepare, and produce a witness to testify on overly broad topics and provide information spanning a decade related to claims from across the country that are dissimilar to the only cognizable claims in this action. Although MagMutual has not argued it should not be required to produce a witness at all, MagMutual should only be required to provide information within the same scope in *Moses Enterprises*: Topics 3–7 should be limited to information related to claims asserted against MagMutual in the last five years involving allegations MagMutual unreasonably failed to settle underlying medical malpractice claims where MagMutual has not contested

coverage. At a minimum, Topics 4–7, which are nearly identical to topics in *Moses Enterprises*, should be so limited. Magistrate Judge Tinsley's Order is contrary to the law on this issue and should be modified.

Topic 12 broadly requests "[a]ll facts, witnesses and documents regarding jury verdicts in excess of the liability limits of Mag Mutual Insurance Company insureds for a period of the last ten (10) years[.]" *See* ECF No. 130.  Topic 12 is not limited to bad faith findings or lawsuits, but any excess verdict in any case involving a MagMutual insured in any state for the past ten years. Moreover, this topic seeks not only bad faith lawsuits and "findings" but information on all claims where an excess verdict occurred. This is critical distinction and demonstrates why this topic should be quashed in its entirety. Where there is a bad faith lawsuit, there has been an allegation that the insurance company did something wrong. There is no similar allegation in a scenario where there is simply an excess verdict. Indeed, the existence of an excess verdict does not equate to an allegation of bad faith as there are many scenarios where an excess verdict is not the result of the insurance company's decision not to settle a case. Examples include an insured refusing to consent to settle, a claimant refusing to make a settlement demand within limits, or a trial court's ruling that gets overturned through post-trial motions or appeals.[2] Although MagMutual disputes that any

---

[2] Further, Plaintiff has refused to agree to exclude attorney client and work product protected information from the scope of Topic 12, although she has agreed to exclude such information from Topics 4–7. Such a request unquestionably implicates privileges held not only by MagMutual but its policy owners that are not a party to this litigation. Magistrate Judge Tinsley's statement that MagMutual can "object at the deposition to any information related to this topic," ECF No. 221 at 15, fails to recognize the discrepancy in Plaintiff's own position and will most likely spawn additional discovery disputes. Moreover, Magistrate Judge Tinsley's statement that MagMutual "may request that the deposition be conducted under the current protective order," *id.*, also does not adequately address MagMutual's concerns. Even though the Protective Order provides that "[a]ny document or other material which is marked 'CONFIDENTIAL,' or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action," ECF No. 25, certain of Plaintiff's experts in this action have been retained in other active litigation against MagMutual. Despite the Protective Order's directive that confidential information may be used "only for the purpose of this action," any information gleaned from the deposition of MagMutual's corporate representative in this action cannot be unlearned, which will prejudice MagMutual.

discovery should be had on this topic, if the Court disagrees, then such a topic must also be limited to the scope identified in *Moses Enterprises*, applicable to Topics 3–7.

WHEREFORE, Defendant MAG Mutual Insurance Company requests that this Court sustain MagMutual's Objection to Magistrate Judge Tinsley's September 5 Order, (ECF No. 221), and enter an Order granting MagMutual's Motion for Protective Order (ECF No. 172) and limiting the scope of the topics for MagMutual's 30(b)(6) deposition.

**MAG MUTUAL INSURANCE COMPANY**

By: */s/ Robert L. Massie*
      Of Counsel

Robert L. Massie, Esq. (WVSBN 5743)
Shaina D. Massie, Esq. (WVSBN 13018)
Alexander C. Frampton (WVSBN 13398)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Huntington, WV 25701
(304) 526-3500
(304) 526-5599 (fax)
bob.massie@nelsonmullins.com
shaina.massie@nelsonmullins.com
alex.frampton@nelsonmullins.com

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I, Robert L. Massie, hereby certify that on this 11th day of September, 2025, the foregoing *"MAG Mutual Insurance company's Objection to Magistrate Judge Tinsley's September 5, 2025 Order"* was served via the Court's CM/ECF electronic filing system, which delivered electronic notice of this filing to all e-filing participants in this action.

*/s/ Robert L. Massie*

Robert L. Massie, Esq. (WVSBN 5743)
