IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DEVAN TRULL, D.O.,

        Plaintiff,

v.                                  CIVIL ACTION NO. 3:24-0202

MAG MUTUAL INSURANCE COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Objections to Magistrate Judge Tinsley's August 13, 2025 Order, ECF No. 191, raised by Plaintiff Devan Trull and nonparty movant Cabell Huntington Hospital, Inc. (CHH). The Order denied CHH's Motion to Quash Defendants' Subpoena for Rule 30(b) Testimony of CHH, ECF No. 113; granted Defendant West Virginia Mutual Insurance Company's Motion to Compel CHH's Production of Documents Pursuant to Subpoena, ECF No. 117; and granted Defendants' Motion for Leave to Supplement Status Report, ECF No. 166. For the reasons described below, the Court **SUSTAINS** the objections in part and **OVERRULES** in part.

                                  I.        Background[1]

Plaintiff Devan Trull, D.O., and CHH ask the Court to deny Defendants' Motion to Compel and grant CHH's Motion to Quash. This discovery dispute arises out of Dr. Trull's pending *Shamblin* claim against Defendant. The *Shamblin* claim originated from a medical professional liability lawsuit against Dr. Trull (the underlying litigation).

---

[1] See a more detailed account in this Court's *Trull v. W. Virginia Mut. Ins. Co.*, No. CV 3:24-0202, 2025 WL 1690148 (S.D. W. Va. June 16, 2025).

The underlying litigation began in early 2020, when Dr. Trull faced a lawsuit brought by a former patient. At the time, Dr. Trull was covered by an insurance policy issued by West Virginia Mutual Insurance Company (WVMIC) which merged into MAG Mutual Insurance Company (MagMutual) during the underlying litigation.[2] The jury returned a verdict of $1,922,395.67 against Dr. Trull in the underlying litigation. A settlement between the patient and a different physician led this Court to reduce the jury's verdict by $500,000. On May 17, 2024, the Court entered the Amended Judgment, concluding the underlying litigation.

Pursuant to the WVMIC Policy, WVMIC issued a $1,000,000 check to the claimant, leaving over $400,000 of the judgment outstanding. On April 18, 2024, Dr. Trull brought the present suit claiming that Defendants must pay the remaining portion of the judgment based on a failure to settle within policy limits despite having opportunities to do so.

On June 16, 2025, this Court denied Defendants' Motion to Join CHH as a party. ECF No. 140. Dr. Trull was potentially covered by additional insurance at the time of the incident, including Cabell Huntington Hospital's Self-Insurance Program, and Defendants argued CHH was liable for the outstanding judgment against Dr. Trull. *Id.* at 2. This Court determined that the necessary parties, the alleged tortfeasors, were already present in the case, and that complete relief could be rendered under *Shamblin*. *Id.* at 11–12.

At that point, Defendants had already subpoenaed CHH for Rule 30(b) testimony and requested CHH produce related documents, CHH had filed a motion to quash said subpoena, and Defendants filed a motion to compel CHH's production of documents. *See* ECF Nos. 113, 117. Magistrate Judge Tinsley directed the parties and movant CHH to file status reports on the impact that this

---

[2] MagMutual assumed all liability of WVMIC, and WVMIC was dismissed as of September 4, 2025. *Stipulation and Dismissal of WVMIC as a Def.*, ECF No. 216. Since the date of dismissal of WVMIC, the party is referred to as "Defendant" instead of "Defendants."

Court's June 16, 2025 Order had on the pending discovery motions pertaining to CHH, ECF No. 141. After full briefing, Magistrate Judge Tinsley entered the Order denying CHH's Motion to Quash Defendants' Subpoena for Rule 30(b) Testimony of CHH, granting Defendant WVMIC's Motion to Compel CHH's Production of Documents Pursuant to Subpoena, and granting Defendants' Motion for Leave to Supplement Status Report. ECF No. 191. The Court has reviewed the briefs on this issue and now considers the objection below.

## II.     Legal Standard

Federal Rule of Civil Procedure 72(a) allows a party to object to a magistrate judge's ruling on non-dispositive matters, including discovery. A district court may modify or set aside any portion of an order if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Under the "clearly erroneous" standard, "findings of fact will be affirmed unless [the court's] review of the entire record leaves [the court] with the definite and firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985); *Spurlock v. Wexford Health Sources, Inc.*, No. CV 3:23-0476, 2025 WL 451688, at *1 (S.D. W. Va. Feb. 10, 2025).

However, "[w]hen . . . review of a non-dispositive motion by a district judge turns on a pure question of law, that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard." *Robinson v. Quicken Loans Inc.*, No. 3:12-0981, 2013 WL 1704839, at *3 (S.D. W. Va. Apr. 19, 2013) (citing *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010)). "This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard."[3] *Id.*

---

[3] As the Court provided in a ruling on a previous objection to a decision by the Magistrate Judge in the present case, this standard of review is consistent with relevant case law and the Court's past practice. Defendants, again, contend abuse of discretion is the proper standard to apply. *Def.'s*

### III.     Analysis

Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See also* Fed. R. Civ. P. 26(b)(2)(C)(iii). As Magistrate Judge Tinsley noted, "relevancy for discovery purposes is defined more broadly than relevancy for evidentiary purposes," extending to any information that may "bear on" a party's claim or defenses. *Order Granting Defs.' Mot. for Leave to Supp., Denying Mot. to Quash Subpoena for Rule 30(b) Testimony of CHH, Granting Defs.' Mot. to Compel* ("*Aug. 13, 2025 Order*"), ECF No. 191, at 5 (citations omitted).

In *Shamblin v. Nationwide Mutual Insurance Co.*, the Supreme Court of Appeals of West Virginia held that:

> Wherever there is a failure on the part of an insurer to settle within policy limits where there exists the opportunity to settle and where such settlement within policy limits would release the insured from any and all personal liability, the insurer has prima facie failed to act in its insured's best interest and such failure to so settle prima facie constitutes bad faith toward its insured.

Syl. Pt. 2, 396 S.E.2d 766, 768 (W. Va. 1990). Further, "it will be the insurer's burden to prove by clear and convincing evidence that it attempted in good faith to negotiate a settlement" and that any failure to enter into a settlement was reasonable. *Id.* at Syl. Pt. 3. Reasonableness can be determined by applying the test of: "whether the reasonably prudent insurer would have refused

---

*Consol. Resp. to Pl.'s and CHH's Objs.* 5. Defendants again cite *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D. W. Va. 2014). As the Court noted earlier, "Even if *Patrick* included questions of law, the Court would disagree based on the above cited case law, the text of Federal Rule of Civil Procedure 72(a), and the fact that *Patrick* is not binding on this Court." *See Trull v. W. Virginia Mut. Ins. Co.*, No. CV 3:24-0202, 2025 WL 1943796, at *3 n. 2 (S.D. W. Va. July 15, 2025). The same holds true regarding the Courts prioritizing of the text in Rule 72(a) over a nonbinding decision.

to settle within policy limits under the facts and circumstances . . . bearing in mind always its duty of good faith and fair dealing with its insured." *Id.* at Syl. Pt. 4.

The dispute concerns the Rule 30(b)(6) Deposition of CHH with topics including:

1. The handling and investigation of the Notice of Claim pertaining to claim by Carlie Hensley attached hereto by CHH, its representatives, agents or attorneys;
2. <u>Communications with Dr. Devan Trull related to the Notice of Claim by Carlie Hensley attached hereto by CHH, its representatives, agents or attorneys;</u>
3. <u>Communications with Dr. Devan Trull advising her or any representative of any potential coverage by CHH or any insurer related to the Notice of Claim by Carlie Hensley attached hereto by CHH, its representatives, agents or attorneys;</u>
4. Communications with West Virginia Mutual Insurance Company or MAG Mutual Insurance Company related to Notice of Claim by Carlie Hensley attached hereto by CHH, its representatives, agents or attorneys;
5. Communications with Employed Physicians of Cabell Huntington Hospital related to Notice of Claim by Carlie Hensley attached hereto by CHH, its representatives, agents or attorneys;
6. Investigation of Carlie Hensley's claim against Dr. Devan Trull or CHH by CHH, its representatives, agents or attorneys;
7. <u>Communications with Dr. Devan Trull or her counsel related to the claim of Carlie Hensley by CHH, its representatives, agents or attorneys;</u>
8. <u>Communications with Dr. Devan Trull related to the Employed Physicians of Cabell Huntington Hospital insurance policy issued by West Virginia Mutual Insurance Company by CHH, its representatives, agents or attorneys;</u>
9. <u>Communications with Dr. Devan Trull related to the Cabell Huntington Hospital, Inc. Self-Coverage Plan for Professional Liability, Comprehensive General Liability, and Employers' Liability by CHH, its representatives, agents or attorneys;</u>
10. <u>Communications with Dr. Devan Trull related to Cabell Huntington Hospital Employed Physicians Self-Insurance Program by CHH, its representatives, agents or attorneys;</u>
11. CHH Self-Coverage Plan for Professional Liability, Comprehensive General Liability, and Employers' Liability as referenced in correspondence from Robert Sellards on January 13, 2025 and January 21, 2025;
12. Cabell Huntington Hospital Employed Physicians Self-Insurance Program as referenced in correspondence from Robert Sellards on January 13, 2025 and January 21, 2025;
13. CHH evaluations of claim by Carlie Hensley against Dr. Devan Trull under the SIR or Umbrella Policy No. HUL-09100292 or coverage for such claim;
14. CHH evaluations of the claim by Carlie Hensley against Dr. Devan Trull under any policy.

*Ex. A*, ECF No. 105-1 (emphasis added); *see also Aug. 13, 2025 Order*, ECF No. 191, at 9. Defendant also requested an extensive list of documents from CHH. *Ex. A*, ECF No. 93-1; *Def.'s Mot. to Compel CHH's Prod. of Docs. Pursuant to Subpoena*, ECF No. 117-1, at 3.

Plaintiff and CHH object to the discovery primarily based on Magistrate Judge Tinsley's reasoning. *Pl.'s Obj. to Magistrate Judge Tinsley's Aug. 13 2025 Order,* ECF No. 201, at 2; *CHH's Obj. to Magistrate Judge Tinsley's Aug. 13, 2025 Order*, ECF 201, at 3. Magistrate Judge Tinsley principally relied on the sought discovery being relevant to the reasonableness of the Defendant's conduct. *Aug. 13, 2025 Order*, ECF No. 191, at 9.

A defendant facing a *Shamblin* claim may establish a defense by asserting reasonableness in decisions not to settle below policy limits. Syl. Pt. 2, 396 S.E.2d 766, 768 (W. Va. 1990). There is no evidence to suggest Defendant considered, or even knew of, a potential additional excess policy when making settlement decisions in the underlying suit. *Pl.'s Obj. to Magistrate Judge Tinsley's Aug. 13 2025 Order* 18 (referencing attached exhibits of deposition testimony of Defendant's employees indicating a lack of knowledge of the CHH policy). As Plaintiff says, and Defendant does not challenge, "it is uncontested that the Defendants were unaware that there was a possible excess insurance policy that may have been applicable to the [u]nderlying [l]itigation." *Id.* at 18. This Court agrees that the sought discovery does not "bear on" the defense of reasonableness of the Defendant's actions. The Court sustains Plaintiff's and CHH's objections to that reasoning. However, Defendant asserts other grounds for the requested discovery.

The Plaintiff and CHH argue that Magistrate Judge Tinsley's Order permits discovery related to Defendant's defense that was extinguished by this Court's June 16, 2025 Order. *Id.* at 17; *CHH's Obj. to Magistrate Judge Tinsley's Aug. 13, 2025 Order* 4. Plaintiff and CHH wrongly assert that the Court's determination created "Law of the Case" that is directly inconsistent with Magistrate

Judge Tinsley's ruling. The Law of the Case doctrine provides that, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988)). This Court's denial of the Motion to Join CHH renders evidence sought to allege CHH's fault to be irrelevant and unnecessary, since the Court has determined that the necessary parties, the alleged tortfeasors, were already present in the instant suit and that complete relief can be rendered under *Shamblin*. *Mem. Opinion and Order*, ECF No. 140, at 12. A broad inquiry into a nonparty's alleged fault would not impact a claim or defense at issue based on this Court's prior determination. Thus, efforts by Defendant to, once again, shift *Shamblin* liability to CHH are misguided. Nonetheless, this Court's June 16, 2025 Order does not foreclose Defendant's argument that the discovery may be relevant to or generally "bear on" other defenses.

Defendant argues the discovery is relevant to Dr. Trull's failure to mitigate and comparative fault. *Def.'s Consol. Resp. to Pl.'s and CHH's Obj.* 6, 8, 9 10. At this point, the Court is not adequately briefed to determine the legitimacy of these defenses and considers a determination precluding discovery relating to them to be premature.

The Court accords deference to Magistrate Judge Tinsley's decision and acknowledges that the scope of relevance for discovery is much broader than that of admissibility for evidentiary purposes. For this reason, the Court elects to narrow the scope of discovery pertaining to CHH to testimony on the above topics which are underlined, those numbered 2, 3, 7, 8, 9, and 10. Additionally, CHH must produce any corresponding documentation, addressed by the Defendant's requests, that falls within the narrowed deposition topics. The Court **ORDERS** Defendant to

designate the documents subject to discovery from CHH based on this Order and to provide such list to CHH and Plaintiff no later than three (3) days from tomorrow, on September 19, 2025.

The narrowed scope is relative and proportional to determine Dr. Trull's knowledge and conduct that may be at issue for comparative fault and mitigation. At the same time, it does not overly burden the nonparty in making requests of information that will not bear on a party's claim or defense.

## IV.   Conclusion

For the reasons described above, Dr. Trull and nonparty CHH's objections to the Magistrate Judge's Order are **SUSTAINED** in part and **OVERRULED** in part. The Order is modified to limit discovery to topics of Dr. Trull's knowledge and conduct that may be at issue for comparative fault and failure to mitigate. Given that Magistrate Judge Tinsley initially ordered the parties to comply with the broad discovery requests, though that Order was stayed, the Court finds an expedited timeline to be reasonable. The Court **ORDERS** CHH, within seven (7) days of tomorrow, which is September 23, 2025, to designate the appropriate corporate representative(s) and their availability for 30(b)(6) deposition. Defendants are further **ORDERED** to file an Amended Notice of Deposition with the chosen date, time, and place for such deposition and to provide a copy of said Notice to all parties and to CHH.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     September 15, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE