IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DEVAN TRULL, D.O.,

          Plaintiff,

v.                                      CIVIL ACTION NO. 3:24-0202

MAG MUTUAL INSURANCE COMPANY,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant MAG Mutual Insurance Company's Objection to Magistrate Judge Tinsley's September 5, 2025 Order, ECF No. 221. ECF No. 226. The Order granted in part and denied in part Defendant's Motion for Protective Order, ECF No. 172.

For the reasons described below, the Court **DENIES** the objection.

**I.    Background[1]**

Defendant MAG Mutual Insurance Company (MagMutual) asks the Court to grant its Motion for Protective Order to strike or limit the scope of topics in the Rule 30(b)(6) Deposition of a representative of MagMutual. *Def.'s Obj. to Magistrate Judge Tinsley's Sept. 5, 2025 Order ("Def.'s Obj.")*, ECF No. 226, at 1, 4. This discovery dispute arises out of Plaintiff Dr. Trull's pending claims against Defendant that originated from a medical professional liability lawsuit against Dr. Trull (the underlying litigation).

---

[1] Background information is borrowed from *Trull v. W. Virginia Mut. Ins. Co.*, Civ. A. No. 3:24-0202, 2025 WL 1690148 (S.D. W. Va. June 16, 2025).

The underlying litigation began in early 2020, when Dr. Trull faced a lawsuit brought by a former patient. At the time, Dr. Trull was covered by an insurance policy issued by West Virginia Mutual Insurance Company (WVMIC) which merged into MAG Mutual Insurance Company (MagMutual) during the underlying litigation.[2] The jury returned a verdict of $1,922,395.67 against Dr. Trull in the underlying litigation. A settlement between the patient and a different physician led this Court to reduce the jury's verdict by $500,000. On May 17, 2024, the Court entered the Amended Judgment, concluding the underlying litigation.

Pursuant to the WVMIC Policy, WVMIC issued a $1,000,000 check to the claimant, leaving over $400,000 of the judgment outstanding. On April 18, 2024, Dr. Trull brought the present suit claiming that Defendants must pay the remaining portion of the judgment based on a failure to settle within policy limits despite having opportunities to do so. Dr. Trull originally brought several claims against Defendant, some of which were dismissed. *See* ECF No. 123. The *Shamblin* claim remains, and the Court took no position on whether Dr. Trull pled a statutory bad faith claim. *Id.*

On June 13, 2025, Dr. Trull filed a Notice of Rule 30(b)(6) Deposition of a representative of MagMutual. ECF No. 130. Defendant filed a Motion for Protective Order to limit the deposition topics. ECF No. 172. After full briefing, Magistrate Judge Tinsley entered an Order granting the protective order in part and denying in part[3] to which Defendant now objects. The Court has reviewed the briefs on this issue and now considers the objection below.

## I.     Legal Standard

Federal Rule of Civil Procedure 72(a) allows a party to object to a magistrate judge's ruling on

---

[2] MagMutual assumed all liability of WVMIC, and WVMIC was dismissed as of September 4, 2025. *Stipulation and Dismissal of WVMIC as a Def.*, ECF No. 216.
[3] *Order Directing Def.'s Mot. for Protective Order is Granted in Part and Denied in Part ("Sept. 5, 2025 Order")*, ECF No 221.

non-dispositive matters, including discovery. A district court may modify or set aside any portion of an order if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Under the "clearly erroneous" standard, "findings of fact will be affirmed unless [the court's] review of the entire record leaves [the court] with the definite and firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985); *Spurlock v. Wexford Health Sources, Inc.*, Civ. A. No. 3:23-0476, 2025 WL 451688, at *1 (S.D. W. Va. Feb. 10, 2025).

However, "[w]hen . . . review of a non-dispositive motion by a district judge turns on a pure question of law, that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard." *Robinson v. Quicken Loans Inc.*., Civ. A. No. 3:12-0981, 2013 WL 1704839, at *3 (S.D. W. Va. Apr. 19, 2013) (citing *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010)). "This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *Id.*

## II.    Analysis

Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . [i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Additionally, the Court must limit discovery otherwise allowed if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

The dispute concerns topics 3, 4, 5, 6, 7, and 12 of Plaintiff's Rule 30(b)(6) Deposition of MagMutual. *Def.'s Obj.* 4. Defendant claims the topics are irrelevant, burdensome and/or not proportional to the needs of the case and asks the Court to strike or narrow topics by geographic and temporal scope. *Id.* at 1, 4; *Def.'s Reply in Supp. of Obj.*, ECF No. 231, at 2, 6, 9.

The topics in dispute as they stand based on Magistrate Judge Tinsley's September 5, 2025 Order follow:

> Topic No. 3: No All facts, witnesses, and documents regarding any reviews, audits, or examinations conducted by Mag Mutual Insurance Company concerning its compliance with West Virginia state laws applicable to the handling of insurance claims, including, but not limited to, West Virginia Insurance Regulations, West Virginia state statutes related to claims handling, such as the Uniform Trade Practices Act, and/or any other applicable West Virginia state law, policy, and procedure since November 1, 2020.

*Def.'s Mot. for Protective Order*, ECF No. 172, at 4. Magistrate Judge Tinsley limited the above to "information related to MagMutual's internal review and audit of West Virginia claims involving excess verdicts from November 1, 2020, through the present." *Sept. 5, 2025 Order*, ECF No. 221, at 5, 7.

> Topic No. 4: All facts, witnesses, and documents regarding any and all extra contractual bad faith suits against Mag Mutual Insurance Company for a period of the last ten (10) years.

*Sept. 5, 2025 Order* 7. *Def.'s Mot. for Protective Order* 4.

> Topic No. 5: All facts, witnesses, and documents regarding any and all findings by any judicial, administrative, or executive tribunal that Mag Mutual Insurance Company and/or its agents violated any insurance policy improperly denying benefits for a period of the last ten (10) years.

*Def.'s Mot. for Protective Order* 4. As limited to "findings related to bad faith resulting from excess verdicts." *Sept. 5, 2025 Order* 9.

> Topic No. 6: All facts, witnesses, and documents regarding any finding by a judicial tribunal within the last ten (10) years that Mag Mutual Insurance Company (1) violated the Uniform Trade Practices Act in West Virginia; or (2) was found to have acted in bad faith related to excess verdicts.

*Sept. 5, 2025 Order* 11.

> Topic No. 7: All facts, witnesses, and documents regarding any finding by an administrative body within the last ten (10) years that Mag Mutual Insurance Company (1) violated the Uniform Trade Practices Act in West Virginia; or (2) was found to have acted in bad faith related to excess verdicts.

*Sept. 5, 2025 Order* 12.

> Topic No. 12: All facts, witnesses and documents regarding jury verdicts in excess of the liability limits of Mag Mutual Insurance Company insureds for a period of the last ten (10) years.

*Def.'s Mot. for Protective Order* 4; *Sept. 5, 2025 Order* 15.

Magistrate Judge Tinsley determined the above topics, some of which were already narrowed based on Plaintiff's agreement, were relevant, proportional, and not unduly burdensome to the needs of the case. *Sept. 5, 2025 Order* 7, 8, 9, 15. The Order particularly noted that if issues of privilege or an exception not subject to disclosure arise, Defendant "is welcome to object at the deposition." *Id.* at 7, 15. Additionally, Magistrate Judge Tinsley limited topics 6 and 7 based on this Court's dismissal of Plaintiff's breach of contract and breach of implied covenant of good faith and fair dealing claims. *Id.* at 11–12.

Defendant argues the Magistrate Judge erred in determining the scope of the topics for three main reasons. First, Defendant argues that Plaintiff's statement in her pending Partial Motion for Summary Judgment that further discovery relates to other claims and, "[n]o further evidence is necessary for Plaintiff to prevail on her *Shamblin* claim,"[4] precludes any further discovery of evidence as it pertains to the *Shamblin* claim. *Def.'s Obj.*, ECF No. 226, at 7; *Def.'s Reply in Supp. of Obj.*, ECF No. 231, at 2. To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Unsurprisingly, Plaintiff argues in her Partial Motion for

---

[4] *Pl.'s Partial Mot. for Summ. J*, ECF No. 103, at 1 n. 1.

Summary Judgment that there are sufficient, uncontested facts permitting the Court to grant the motion. Permitting discovery on the active *Shamblin* claim is not contrary to law.

Next, Defendant argues that the Magistrate Judge improperly found discovery is relevant to (1) punitive damages barred by state law and (2) an Unfair Trade Practices Act state law claim that Defendant claims Plaintiff cannot and did not properly assert. *Def.'s Obj.*, ECF No. 226, at 5, 8, 10. Defendant filed a Motion for Summary Judgment, based in part on this argument, the day before filing this objection. ECF No. 223. Defendant asks the Court to prevent discovery based on what is still an active claim and faulted the Magistrate Judge for not doing so, even before filing the dispositive motion. Magistrate Judge Tinsley's Order to permit discovery based on its relevance to a claim is not contrary to law.

Lastly, Defendant compares the current situation to this Court's affirmation of Magistrate Judge Eifert's order on a motion for protective order relating to a Rule 30(b)(6) deposition in *Moses Enterprises, LLC v. Lexington Ins. Co. & AIG Claims, Inc.*, No. 3:19-cv-00477, 2021 WL 329210 (S.D. W. Va. Feb. 1, 2021). *Def.'s Obj.*, ECF No. 226, at 10. The Court is not persuaded that the proportionality analysis here veered so extremely from established precedent or the circumstances in *Moses Enterprises* to find Magistrate Judge Tinsley's Order contrary to law.

Magistrate Judge Tinsley determined the discovery in question to be relevant, proportional and not unduly burdensome. Non-dispositive orders of Magistrate Judges are afforded great deference, and this Court does not find the Magistrate Judge's decision to be erroneous or contrary to law.

### III.   Conclusion

For the reasons described above, the Court **DENIES** Defendant's objection, ECF No. 226, to Magistrate Judge Tinsley's Order.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 24, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE