IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DEVAN TRULL, D.O.,

          Plaintiff,

v.                                           CIVIL ACTION NO. 3:24-0202

MAG MUTUAL INSURANCE COMPANY,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are several motions to seal. The first is Plaintiff's Motion to File Exhibits B–E and Memorandum in Support of Partial Motion for Summary Judgment under Seal. ECF No. 104.[1] The second is Defendant's Motion for "Leave to File Portions of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment and Certain Supporting Documents Under Seal." ECF No. 179.[2] The last is Defendant's Motion for Leave to File Portions of its Memorandum of Law in Support of Motion for Summary Judgment and Certain Supporting Documents under Seal. ECF No. 225.[3] For the reasons described below, Defendant's motions are **GRANTED in part** and **DENIED in part**. The Court requests further briefing on Plaintiff's motion.

The Fourth Circuit has instructed that "[t]he right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the

---

[1] Plaintiff filed this motion in conjunction with her Motion for Summary Judgment. ECF No. 103.
[2] Defendant filed this motion in conjunction with its Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment. ECF No. 178.
[3] Defendant filed this motion in conjunction with its Motion for Summary Judgment. ECF No. 223.

First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citation omitted). Public access to documents is paramount because "[p]ublicity of such records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus–America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Under the common law, the public has a right "to inspect and copy all judicial records and documents." *Virginia Dep't of State Police*, 386 F.3d at 575 (citation and internal quotations marks omitted). This presumption can be overcome if countervailing interests outweigh the public interest in accessing the documents. *Id.* The moving party bears the burden of rebutting this presumption. *Id.* Ultimately, whether to seal documents under the common law is a decision "left to the sound discretion of the district court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* (cleaned up).

The First Amendment fiercely protects public access to a narrower range of documents. When the First Amendment applies, a court may seal documents "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* The party seeking to restrict access when the First Amendment applies must present specific reasons in support of its position. *Id.* Conclusory assertions are insufficient. *Id.*

The Fourth Circuit has provided a framework for how district courts are to approach this analysis. The framework begins with determining "the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* at 576 (cleaned up). Whether the common law or the First Amendment applies depends on where the case is in the litigation process. The Fourth Circuit has explained that the First Amendment "does not prohibit a district court from limiting the disclosure of products of pretrial discovery." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 172 (4th Cir. 2024). However, the First

Amendment does apply to documents attached to dispositive motions and filings made in connection with dispositive motions, including motions for summary judgment. *Id.* at 171–72.

In addition to determining whether the common law or the First Amendment applies, a district court must: give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing. *Virginia Dep't of State Police*, 386 F.3d at 576. For purposes of public notice, "[n]otifying the persons present in the courtroom of the request to seal or docketing it reasonably in advance of deciding the issue is appropriate." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The Court will apply this framework in analyzing the motions to seal.

Additionally, Local Rules require that a memorandum of law is filed to accompany a motion to seal that indicates:

> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (b) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

L.R. Civ. P. 26.4(c).

Local Rule of Civil Procedure 5(g)(2)(B)(A) allows documents to be filed under seal according to prior court order expressly authorizing such. The Protective Order, agreed upon by the parties, and entered in this matter by Judge Tinsley (ECF No. 25) indicates the following:

> If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "CONFIDENTIAL" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "CONFIDENTIAL" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued

confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent.

**I. Plaintiff's Motion Relating to her Partial Motion for Summary Judgment, ECF No. 104**

First, Plaintiff requests to file her Partial Motion for Summary Judgment and Exhibits B, C, D, and E under seal. As the motion is dispositive, and the exhibits are filed in connection with the dispositive motion, the First Amendment applies.

Plaintiff indicates that the deposition transcripts labeled as Exhibits B, C, D, and E, incorporate references to documents marked as "CONFIDENTIAL" under the Protective Order. According to the Order, the burden of persuasion rests with the proponent of continued confidentiality. *See Protective Order* 3–4, ECF No. 25. Here, the proponent of continued confidentiality did not undertake such burden.[4]

Under the Local Rules, only in rare circumstances should a party file a motion, opposition or reply under seal. When such sealing is unavoidable:

> (A) The party shall redact the confidential information from the motion, opposition, or reply and publicly file the redacted motion, opposition, or reply; and (B) The party shall file the unredacted motion, opposition, or reply under seal, accompanied by a motion or stipulated motion to seal the unredacted motion, opposition, or reply in compliance with part (3) above.

L.R. Civ. P. 5(g)(2)(B)(A). The Court **DIRECTS** the proponent of continued confidentiality relating to Plaintiff's Memorandum of Law in Support of Partial Motion for Summary Judgment and Exhibits B, C, D, and E to provide a response by Monday, November 10, 2025, by 5:00 PM indicating the ECF numbers and precise portion of each document (ECF No. 104-1, 104-2, 104-3, 104-4, and 104-5) containing sensitive information, specifically addressing the factors set forth in

---

[4] The Court is uncertain which party is the proponent of continued confidentiality. It appears to be the Defendant.

Rule 26.4(c)(2) of the Court's Local Rules of Civil Procedure—particularly, the reasons why alternatives to sealing, such as redaction, are inadequate. Otherwise, the Court will deny the motion and direct the unsealing of such documents.

**II. Defendant's Motion Relating to its Memorandum of Law in Opposition, ECF No. 179**

Defendant seeks to file certain portions of its Memorandum of Law in Opposition to Plaintiff's Partial Motion for Summary Judgment and certain supporting documents under seal. As the Memorandum in Opposition and supporting documents are filed in connection with a dispositive motion, the First Amendment applies. *United States ex. rel. Oberg,* 105 F.4th at 172.

Defendant has labeled the documents as follows:

Exhibit 7 – (Submitted Under Seal) April 27, 2021 Claim Evaluation Report
Exhibit 8 – (Submitted Under Seal) Questionnaire
Exhibit 9 – (Submitted Under Seal) July 28, 2021 WVMIC Update Report of Counsel[5]
Exhibit 10 – (Submitted Under Seal) Excerpts from Deposition of Mark Simonton
Exhibit 14 – (Submitted Under Seal) October 9, 2023 Essary Letter to N. Lantz
Exhibit 15 – (Submitted Under Seal) July 17, 2020 Report of Counsel
Exhibit 16 – (Submitted Under Seal) February 9, 2021 Report of Counsel
Exhibit 17 – (Submitted Under Seal) April 8, 2022 Pretrial Report
Exhibit 18 – (Submitted Under Seal) January 13, 2023 Pretrial Report
Exhibit 19 – (Submitted Under Seal) January 16, 2023 Email from Mark Simonton
Exhibit 20 – (Submitted Under Seal) September 28, 2023 Telephone Memo
Exhibit 21 – (Submitted Under Seal) February 5, 2024 Report
Exhibit 22 – (Submitted Under Seal) Excerpts from Deposition of Alisha Dickie
Exhibit 23 – (Submitted Under Seal) Excerpts from Deposition of Nora Lantz
Exhibit 24 – (Submitted Under Seal) Excerpts from Deposition of Tamara Welch
Exhibit 25 – (Submitted Under Seal) Excerpts from Deposition of Hilary Young
Exhibit 26 – (Submitted Under Seal) October 31, 2023 Report
Exhibit 27 – (Submitted Under Seal) Daily Trial Reports
Exhibit 29 – (Submitted Under Seal) Expert Report of William Galeota, Esq.

*Def.'s Mot. for Leave to File Portions of Def.'s Mem. of L. in Opp. to Pl.'s Partial Mot. for Summ. J. and Certain Supp. Docs. under Seal* 2–3, ECF No. 179.

---

[5] The document indicates the correct date is June 28, 2021.

Defendant argues Exhibits 7, 9, 15, 16, 17, 18, 19, 20, 21, and 27 are documents and communications prepared by attorneys and protected under "unwaived quasi attorney-client privilege," further indicating that Exhibits 9, 15–21, and 27 contain stamps indicating the intent of their privileged nature. *Id.* at 4-5. The Court **GRANTS,** this motion, **in part** as it relates to Exhibits 7, 9, 15, 16, 17, 18, 19, 20, 21, and 27 (ECF No. 179-2, 179-4, 179-7, 179-8, 179-9, 179-10, 179-11, 179-12, 179-19). The reasoning is addressed below. *See infra* Section III. The public has been provided with adequate notice and an opportunity to object to this motion, as it was filed on July 25, 2025, and it has been accessible to the public through the Court's electronic case filing system since that time.

The motion is **DENIED in part** as it relates to Exhibit 14 (ECF No. 179-6), as no specified grounds to overcome the presumption of public access were indicated in Defendant's motion. Additionally, the same letter is already publicly available, as it is attached to the complaint. *Compl. Ex. B*, ECF No. 1-2, ECF No. 47-2 (amended version). The motion also is **DENIED in part** as it relates to Exhibit 26 (ECF No. 179-18), as Defendant did not provide support for the complete sealing of the document, however, the Court **DIRECTS** Defendant to file a redacted version protecting the sensitive information within Exhibit 26.

Defendant indicates the depositions and expert reports labeled as Exhibits 10, 22–25, and 29 also should be sealed as they are comprised of discussions of alleged quasi attorney-client privileged documents and information (identified as Exhibits 7, 9, 15–21, and 27). *Def.'s Mot. for Leave to File Portions of Def.'s Mem. of L. in Opp. to Pl.'s Partial Mot. for Summ. J. and Certain Supp. Docs. under Seal* 4–5. Defendant's contention that "all of these documents, in some way, reference Defendants' proprietary business information," *id.* at 3, does not adequately rebut the presumption of access to filings in connection with dispositive motions. Defendant fails to address

why alternatives to sealing, such as redaction, are insufficient. The Court finds that the redaction of sensitive information relating to attorney-client privilege is more appropriate. Accordingly, the Court **DIRECTS** that Exhibits 10, 22–25, and 29 (ECF No. 179-5, 179-14, 179-15, 179-16, 179-17, 179-20) are unsealed unless Defendant files redacted versions by Monday, November 10, 2025, by 5:00 PM.

While the Court acknowledges that the sealing of proprietary information has been deemed appropriate when disclosure would be damaging, the circumstances here differ from the protected information in precedent offered by Defendant. The Court finds Defendant's reasoning for sealing of Exhibit 8 (ECF No. 179-3) to be inadequate, but it will further address the issue below because Defendant subsequently requested to file the same document, at ECF Number 225-1, under seal.

Defendant argues it should be granted leave to file a redacted Memorandum of Law in Opposition because such document extensively quotes the previously mentioned privileged exhibits. *Def.'s Mot. for Leave to File Portions of Def.'s Mem. of L. in Opp. to Pl.'s Partial Mot. for Summ. J. and Certain Supp. Docs. under Seal* 3, 5. The Court **GRANTS** this motion, **in part,** as it relates to sealing of portions of Defendant's Memorandum of Law in Opposition, so long as such redactions are consistent with the determinations of this and future orders.

### III. Defendant's Motion Relating to its Motion for Summary Judgment, ECF No. 225

Defendant seeks to file certain portions of its Memorandum of Law in Support of Motion for Summary Judgment and supporting documents under seal. As the motion is dispositive, and the exhibits are filed in connection with the dispositive motion, the First Amendment applies. *United States ex. rel. Oberg,* 105 F.4th at 172.

Defendant has labeled the documents as follows:

Exhibit 7 – (Submitted Under Seal) Questionnaire
Exhibit 8 – (Submitted Under Seal) April 27, 2021 Claim Evaluation Report

      Exhibit 9 – (Submitted Under Seal) June 28, 2021 WVMIC Updated Report of Counsel
      Exhibit 10 – (Submitted Under Seal) July 17, 2020 Report of Counsel
      Exhibit 11 – (Submitted Under Seal) February 9, 2021 Report of Counsel
      Exhibit 12 – (Submitted Under Seal) April 8, 2022 Pretrial Report
      Exhibit 13 – (Submitted Under Seal) January 13, 2023 Pretrial Report
      Exhibit 14 – (Submitted Under Seal) February 5, 2024 Report
      Exhibit 15 – (Submitted Under Seal) Daily Trial Reports

*Def.'s Mem. of L. in Supp. of Mot. for Leave to File Portions of its Mem. of L. in Supp. of Mot. for Summ. J. under Seal* 2, ECF No. 225-11. Defendant also requests permission to file portions of its Memorandum of Law in Support of Motion for Summary Judgment where the above exhibits are referenced. *Id.* at 7.

These exhibits also are addressed in Defendant's motion to seal relating to its Memorandum of Law in Opposition, ECF No. 179. Consistently, the Court **GRANTS in part** Defendant's Motion to Seal, ECF No. 225.[6] *See supra* Section II. Defendant argues Exhibits 8–15 (ECF No. 225-2–9) are protected by quasi attorney-client privilege. *Def.'s Mem. of L. in Supp. of Mot. for Leave to File Portions of its Mem. of L. in Supp. of Mot. for Summ. J. under Seal* 5. The documents referenced were prepared during the pendency of the underlying suit by the attorneys of Offutt Simmons Simonton, PLLC, hired by Defendant to represent Plaintiff in the underlying suit. *Id.*

Under West Virginia law, which applies in this diversity jurisdiction case, the following elements must be present to assert the traditional attorney-client privilege: "(1) both parties must contemplate that the attorney-client relationship does or will exist; (2) the advice must be sought by the client from the attorney in his capacity as a legal adviser; (3) the communication between the attorney and client must be intended to be confidential." Syl. Pt. 2, *State v. Burton*, 254 S.E.2d

---

[6] Defendant only adequately addressed the requirements of L.R. Civ. P. 26.4(c) in this pleading (ECF No. 225-11). The Court expects counsel to practice with continued diligence.

129 (W. Va. 1979). Further, "[t]he burden of establishing the attorney-client privilege or the work product exception, in all their elements, always rests upon the person asserting it." Syl. Pt. 4, *State ex rel. USF & G v. Canady*, 460 S.E.2d 677 (W. Va. 1995). As has been previously addressed, the privilege has unique characteristics in a first-party bad faith excess judgment action. *See Mem. Op. and Order* 4–5, ECF No. 165. While the Court expressly indicated previously that an instance of Defendant's attempt to invoke attorney-client privilege against Dr. Trull was inappropriate, the invocation here represents a balance between the historically championed privilege and the rights of the public to view such information.[7] *Id.* at 12; *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (indicating the attorney-client privilege as "the oldest of the privileges for confidential communications known to the common law.").

Defendant indicates why alternatives to filing under the proposed sealing and redaction are unsatisfactory. *Def.'s Mem. of L. in Supp. of Mot. for Leave to File Portions of its Mem. of L. in Supp. of Mot. for Summ. J. under Seal* 7. The public has been provided with adequate notice and an opportunity to object to this motion, as it was filed on September 10, 2025, and it has been accessible to the public through the Court's electronic case filing system since that time. *See Def.'s Mot. for Summ. J.*, ECF No. 223. The Court finds the information contained in Exhibits 8–15 involve attorney-client confidences which present a compelling reason to seal from the public.

Defendant argues Exhibits 7 and 13–15 contain sensitive information directly relating to the operation of Defendant's business that could result in harm and an unfair advantage if accessed by competitors and other claimants. *Def.'s Mem. of L. in Supp. of Mot. for Leave to File Portions of its Mem. of L. in Supp. of Mot. for Summ. J. under Seal* 5–6. As Exhibits 13–15 have already been addressed, the Court only evaluates if Exhibit 7 qualifies for sealing. Exhibit 7 (ECF No.

---

[7] The issue of admissibility is not before the Court.

225-1) (also Exhibit 8 of ECF No. 179-3) is a questionnaire used by Defendant in the course of business. Defendant claims disclosure of such document would provide competitors and other potential claimants with an unfair advantage. *Id.* at 6. Unlike the cases cited by Defendant where particular trade secrets were deemed worthy of redaction, the document at issue is not explained to contain information that can be readily abused by a competitor. While Defendant claims the questionnaire reveals confidential business information causing irreparable harm, the Court does not find the complete sealing to be the least restrictive means. The Court **DIRECTS** that Exhibit 7 (ECF No. 225-1 and 179-3) is unsealed unless Defendant files a response by Monday, November 10, 2025, by 5:00 PM specifically addressing the factors set forth in Rule 26.4(c)(2) of the Court's Local Rules of Civil Procedure—particularly, the reasons why alternatives to sealing, such as redaction, are inadequate. The Court also **GRANTS** this motion, **in part,** as it relates to sealing of portions of Defendant's Memorandum in Support so long as such redactions are consistent with the determinations of this and future orders.

Based on the foregoing, the Court:

1) **DIRECTS** the proponent of continued confidentiality relating to Plaintiff's Memorandum of Law in Support of Partial Motion for Summary Judgment and Exhibits B, C, D, and E, (ECF No. 104) to provide a response in satisfaction of the requirements of the Protective Order by Monday, November 10, 2025, by 5:00 PM. Otherwise, the Court will deny the motion and direct the unsealing of such documents.
2) **GRANTS in part** and **DENIES in part** Defendant's Motion to File Certain Portions of its Memorandum of Law in Opposition to Plaintiff's Partial Motion for Summary Judgment and Select Supporting Documents under Seal. ECF No. 179. The Court **GRANTS** this motion as it relates to Exhibits 7, 9, 15, 16, 17, 18, 19, 20, 21, and 27 (ECF No. 179-2, 179-4, 179-7, 179-8, 179-9, 179-10, 179-11, 179-12, 179-13, 179-19). The motion is **DENIED** as it relates to Exhibit 14 (ECF No. 179-6) and Exhibit 26 (ECF No. 179-18). The Court **DIRECTS** Defendant to file a redacted version of Exhibit 26 (ECF No. 179-18). The Court **DIRECTS** that Exhibits 10, 22–25, 29 (ECF No. 179-5, 179-14, 179-15, 179-16, 179-17, 179-20) are unsealed unless Defendant files redacted versions by Monday, November 10, 2025, by 5:00 PM. The Court **GRANTS** Defendant's motion to seal portions of its Memorandum of Law in Opposition, so long as such redactions are consistent with the determinations of this and future orders.

3) **GRANTS in part** and **DENIES in part** Defendant's Motion for Leave to File Portions of its Memorandum of Law in Support of Motion for Summary Judgment and Certain Supporting Documents Under Seal. ECF No. 225. The Court **GRANTS** Defendant's motion as to Exhibits 8–15 (ECF No. 225-2–9). The Court **DIRECTS** that Exhibit 7 (ECF No. 225-1 and 179-3) is unsealed unless Defendant files a response by Monday, November 10, 2025, by 5:00 PM. The Court **GRANTS** Defendant's motion to seal portions of its Memorandum in Support, so long as such redactions are consistent with the determinations of this and future orders.

The Court **DIRECTS** the Clerk to unseal ECF No. 179-6. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 30, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE