IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DEVAN TRULL, D.O.,

          Plaintiff,

v.                                    CIVIL ACTION NO. 3:24-0202

MAG MUTUAL INSURANCE COMPANY,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are multiple motions to seal. ECF No. 104; ECF No. 179; ECF No. 225.[1] In compliance with the Court's Order, ECF No. 264, Defendant has filed responsive supplemental memoranda and redacted versions of exhibits. ECF Nos. 271, 278, 279.

The Court began its analysis of these motions in the Court's October 30, 2025, Memorandum Opinion and Order, ECF No. 264. The First Amendment applies in this circumstance, as dispositive motions and attachments are at issue, therefore, to establish sealing is appropriate, a higher burden must be met. *See Mem. Op. and Order* 4, 5, 7, ECF No. 264 (citing *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 172 (4th Cir. 2024)). The Court embarked on the analysis to ensure protection of the public's right to access is protected by only permitting narrowly tailored sealing based on compelling government interest. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576; *Mem. Op. and Order.* Also, the Court

---

[1] *See Mem. Op. and Order,* ECF No. 264 for the Court's initial discussion of the motions and request of supplemental action by Defendant.

evaluated compliance with Local Rules, requiring that a memorandum of law is filed to accompany a motion to seal that indicates:

> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (b) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

L.R. Civ. P. 26.4(c).

Local Rule of Civil Procedure 5(g)(2)(B)(A) allows documents to be filed under seal according to prior court order expressly authorizing such. The Protective Order, agreed upon by the parties, and entered in this matter by Judge Tinsley (ECF No. 25) indicates the following:

> If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "CONFIDENTIAL" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "CONFIDENTIAL" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent.

The Court previously found the motions to seal to be insufficient in certain respects. The Court determined redaction of sensitive information in Exhibits 10, 22–25, and 29 (ECF No. 179-5, 179-14, 179-15, 179-16, 179- 17, 179-20) to be appropriate as a lesser restrictive means of protecting sensitive information. *Mem. Op. and Order* 6–7. Defendant has now filed satisfactory redacted versions of such documents. *See* ECF No. 271, 271-1, 271-2, 271-2, 271-4,

271-5. The Court finds the redactions appropriate as the least restrictive means to ensure protection of sensitive information while also prioritizing public access to court documents.

The Court ordered Defendant to supplement the motions to explain the necessity to seal Exhibit 8 (ECF No. 179-3) and Exhibit 7 (ECF No. 225-1) which are the same document. *Mem. Op. and Order* 9–10. Additionally, the Court denied Defendant's Motion to seal Exhibit 26 (ECF No. 179-18). *Id.* at 6. Upon reconsideration, based on the expanded explanation contained within Defendant's supplemental memorandum, ECF No. 278, the Court finds sufficient reasoning has been provided to seal the documents due to protective health information and information that may be subject to attorney-client privilege and work-product doctrine protection. *Def.'s Suppl. Mem. of L. in Supp. of Mot. for Leave to File Certain Docs. under Seal* 5–9, ECF No. 278. The Court **GRANTS** the motions for leave to seal Exhibit 8 (ECF No. 179-3) and Exhibit 7 (ECF No. 225-1) and Exhibit 26 (ECF No. 179-18).

The Court also **GRANTS, in part,** Plaintiff's Motion to File Exhibits B-E and Memorandum in Support of Partial Motion for Summary Judgment under Seal, ECF No. 104. Defendant provided satisfactory justification to redact portions of the documents C, D, and E, due to work product and attorney client privilege. *Def.'s Mem. of L. in Supp. of Pl's Mot. for Leave to File Certain Docs. Under Seal* 5, ECF No. 279. Defendant provided redacted versions of the documents it requests to remain under seal including Plaintiff's Memorandum of Law in Support of Partial Summary Judgment, ECF No. 104-1 (redacted version at ECF Number 279-1, at 1–23); Exhibit C, ECF No. 104-3 (redaction version at ECF No. 279-1, at 95–107); Exhibit D, ECF No. 104-4 (redaction version at ECF No. 279-1, at 108–119); and Exhibit E, ECF No. 104-5 (redaction version at ECF No. 279-1, at 120–123).

Defendant is not pursuing the continued sealing of the deposition of Attorney Dante diTrapano, ECF No. 104-2. Therefore, Plaintiff's Motion to File Exhibits B-E and Memorandum in Support of Partial Motion for Summary Judgment under Seal, ECF No. 104, is **DENIED, in part,** as **MOOT**.

The Court **DIRECTS** the Clerk to seal ECF Nos. 179-5, 179-14, 179-15, 179-16, 179-17, 179-20, 225-1, 179-3, 179-18, 104-1, 104-3, 104-4, and 104-5. The Court **DIRECTS** the Clerk to unseal ECF No. 104-2.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

      ENTER:    November 14, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE