IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DEVAN TRULL, D.O.,

        Plaintiff,

v.                                      CIVIL ACTION NO. 3:24-0202

MAG MUTUAL INSURANCE COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Devan Trull's Motion for Leave to File her Memorandum of Law in Opposition to Defendant's Motion *in Limine* Regarding Other Excess Verdicts and Certain Supporting Documents under Seal. ECF No. 292.

The Fourth Circuit has instructed that "[t]he right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citation omitted). Public access to documents is paramount because "[p]ublicity of such records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus–America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Under the common law, the public has a right "to inspect and copy all judicial records and documents." *Virginia Dep't of State Police*, 386 F.3d at 575 (citation and internal quotations marks omitted). This presumption can be overcome if countervailing interests outweigh the public interest in accessing the documents. *Id.* The moving party bears the burden of rebutting this presumption. *Id.* Ultimately, whether to seal documents under the common law is a decision

"left to the sound discretion of the district court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* (cleaned up).

The Fourth Circuit has provided a framework for how district courts are to approach this analysis. The framework begins with determining "the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* at 576 (cleaned up). Whether the common law or the First Amendment applies depends on where the case is in the litigation process. The Fourth Circuit has explained that the First Amendment "does not prohibit a district court from limiting the disclosure of products of pretrial discovery." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 172 (4th Cir. 2024). However, the First Amendment does apply to documents attached to dispositive motions and filings made in connection with dispositive motions, including motions for summary judgment. *Id.* at 171–72.

Additionally, Local Rules require that a memorandum of law is filed to accompany a motion to seal that indicates:

> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (b) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

L.R. Civ. P. 26.4(c).

Local Rule of Civil Procedure 5(g)(2)(B)(A) allows documents to be filed under seal according to prior court order expressly authorizing such. The Protective Order, agreed upon by the parties, and entered in this matter by Judge Tinsley (ECF No. 25) indicates the following:

> If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "CONFIDENTIAL" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "CONFIDENTIAL" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the

case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent.

Plaintiff requests to file her Memorandum of Law in Opposition to Defendant's Motion *in Limine* Regarding Other Excess Verdicts and Certain Supporting Documents under Seal. Plaintiff has filed a redacted version of the Memorandum of Law in Opposition. *See Pl.'s Mem. of L. in Opp. to Def.'s Mot. in Lim. Regarding Excess Verdicts*, ECF No. 291. Plaintiff indicates the documents attached and referenced therein contain information that Defendant MagMutual has requested remains "confidential" and are marked as such under the Protective Order. *Pl.'s Mem. in Supp. of Mot. for Leave to File Its Mem. of L. in Opp'n to Def.'s Mot. in Lim. Regarding Other Excess Verdicts and Certain Supp. Docs. under Seal*, ECF No. 293, at 1. Plaintiff inconsistently requests both the sealing in perpetuity and temporary sealing until the documents become necessary for trial proceedings, the Court agrees with the latter – temporary sealing. *Id; Mot. for Leave to File her Mem. of L. in Opp'n to Def.'s Mot. in Lim. Regarding Other Excess Verdicts and Certain Supp. Docs. under Seal* 2, ECF No. 292. If the sealed documents become pertinent to the outcome of the case, the Court will reconsider at that point. For good cause shown the Court **GRANTS** Plaintiff's motion. ECF No. 292. The Court **DIRECTS** the Clerk to file ECF Nos. 292-1, 292-2, 292-3, under seal.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

    ENTER:    November 14, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE